IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN L. SCOTT,  :
MINNIE L. SCOTT,
    Plaintiffs  :

    vs.  :  CIVIL NO. 1:CV-10-0581
      :
LTS BUILDERS LLC, et al.,  :
    Defendants  :

*M E M O R A N D U M*

I. *Introduction*

    Invoking our diversity jurisdiction, plaintiffs, John L. Scott and Minnie L. Scott, filed this action against multiple defendants following Plaintiffs' purchase of real property in Pike County, Pennsylvania, with the intent of constructing a residence there. Essentially, Plaintiffs allege that the defendants knowingly concealed the existence of an easement in favor of PPL Electric Utilities Corporation on the property and misrepresented to Plaintiffs that the residence could be situated and constructed on the lot in a certain manner.

    There are three motions under Fed. R. Civ. P. 12(b) to dismiss the amended complaint, each presenting multiple arguments. In their motion, defendants, LTS Builders LLC, LTS Realty Company, Rene Giombetti, Michael V. Gazza, and Lawrence T. Simon, argue that Plaintiffs have failed to adequately allege diversity jurisdiction either for the requisite amount in controversy of $75,000, or for the necessity that Defendants be citizens of a state other than the state of Plaintiff's citizenship.

    We agree with Defendants that Plaintiffs have failed to adequately allege that Plaintiffs and Defendants are citizens of different states. We will therefore dismiss

the amended complaint, but with leave to amend as Plaintiffs assure us they can make the necessary allegations.

II.     *Background*

The amended complaint avers that the plaintiffs have "principal residence[s]" in New York. (Doc 3, Am. Compl. ¶¶ 1-2). The complaint names eleven different defendants. Plaintiffs aver that "Defendant LTS Builders LLC is a for-profit Pennsylvania limited liability company conducting real estate development business in Pennsylvania." (*Id.* ¶ 3). Plaintiffs aver that both Defendant LTS Realty Company and Investor's Abstract, Inc. are for-profit Pennsylvania corporations conducting business in Pennsylvania. (*Id.* ¶¶ 4, 8). Finally, plaintiffs name several individual defendants, and allege that these defendants are either agents for these three entities, or conduct business themselves under fictitious names, but Plaintiffs do not allege the residences of any of these defendants.

III.    *Discussion*

The diversity jurisdiction statute, 28 U.S.C. § 1332(a)(1), provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states . . . ." "It is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'" *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006)(nonprecedential)(quoted treatise omitted). There must be complete diversity between the parties. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff

2

be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Since they are invoking our diversity jurisdiction, Plaintiffs have the burden of establishing it by alleging the citizenship of all parties. *See Kissi v. Gillespie*, 348 F. App'x 704, 705 (3d Cir. 2009)(per curiam)(nonprecedential)

For purposes of establishing citizenship under the statute, individuals, corporations, and unincorporated business entities are treated differently. A natural person is a citizen of the state where he or she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). A corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business. *Id.* (citing 28 U.S.C. § 1332(c)). For diversity jurisdiction, a complaint must set forth both the corporate party's state of incorporation and its principal place of business.

Unincorporated associations, such as partnerships and limited liability companies, are not considered "citizens" of a state as that term is used in the diversity statute. *Id.* (partnerships); *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (limited liability companies). Rather, courts must look at the citizenship of each of the partners or of the members of the limited liability company to determine whether the court has diversity jurisdiction. *Swiger*, 540 F.3d at 182; *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. Therefore, Plaintiffs must allege the citizenship of each of the individual members of the defendant limited liability company here, and if any member of the company is a citizen of the same state as Plaintiffs, diversity jurisdiction is lacking. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420.

In the instant case, the amended complaint fails to properly plead the existence of diversity jurisdiction. While the amended complaint contains a conclusory allegation that the court has jurisdiction based on diversity of citizenship, it fails to adequately allege the citizenship of any of the defendants. The amended complaint fails

3

to allege the principal place of business or the state of incorporation for the corporate defendants, LTS Realty Company and Investor's Abstract, Inc. Alleging that a corporation conducts business in a state is not the equivalent of alleging the location of the corporation's principal place of business. Many corporations conduct business in multiple states, but as previously noted, for diversity purposes, the corporation is only a citizen of its state of incorporation and the state where it has its principal place of business. Additionally, the amended complaint fails to allege the citizenship of each of the members of defendant LTS Builders LLC. Finally, the amended complaint fails to allege the state where any of the individual defendants are domiciled. The amended complaint simply alleges that the individual defendants are agents of the three business entities or conduct business themselves under fictitious names.

Because the plaintiffs are both citizens of New York, and because diversity jurisdiction only exists under 28 U.S.C. § 1332(a)(1) where there is complete diversity of citizenship, the complaint must establish that none of the defendants is a citizen of New York. Plaintiffs have requested that we grant them leave to cure this deficiency. Therefore, we will grant the plaintiffs twenty-one days to file a second amended complaint sufficiently alleging diversity jurisdiction.[1]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: November 2, 2010

---

[1] As noted, Defendants also challenged the amount in controversy. We note that the original complaint has attached as exhibits an "agreement for the sale of real estate," Ex. A, and a "construction agreement," Ex. B. In these agreements, plaintiff John L. Scott, obligated himself to pay $232,200 for the lot and the house. *See also* Am. Compl. ¶ 56. This satisfies the amount-in-controversy requirement of $75,000. (Plaintiffs failed to attach these exhibits to their amended complaint although they are referred to in that pleading. For any second amended complaint, these exhibits should be attached.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN L. SCOTT, :
MINNIE L. SCOTT, :
    Plaintiffs :
:
  vs. : CIVIL NO. 1:CV-10-0581
:
LTS BUILDERS LLC, et al., :
:
    Defendants :

*O R D E R*

AND NOW, this 2nd day of November, 2010, upon consideration of the motion (doc. 5) to dismiss of defendants, LTS Builders LLC, LTS Realty Company, Rene Giombetti, Michael V. Gazza, and Lawrence T. Simon, it is ordered that:

    1. Plaintiffs' amended complaint (doc. 3) is dismissed for lack of jurisdiction.

    2. Plaintiffs are granted twenty-one days (21) from the date of this order to file a second amended complaint showing that diversity jurisdiction is present.

    3. Failure to file a second amended complaint in the time granted will result in dismissal of this action.

                             /s/William W. Caldwell
                               William W. Caldwell
                               United States District Judge